IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| FREDDIE DEMOND HEARD, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No.: 2:21-CV-125-MHT-KFP |
| DIRECTOR, OFFICE OF INFORMATION POLICY, and SANDRA J. STEWART, UNITED STATES ATTORNEY, | ) |
| Defendants. | ) |

**DEFENDANTS' MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT**

**COMES NOW** the Defendants, by and through Sandra J. Stewart, United States Attorney for the Middle District of Alabama, and responds to Plaintiff Freddie Demond Heard's Civil Complaint seeking "certain ministerial records pertaining to the federal grand jury," including "printed material necessary (forms and instructions) to allow citizens access to the federal grand jury." Doc. 1 at 1, 4. Defendants move to dismiss the Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) because Heard failed to name a proper agency subject to the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). Defendants also move for summary judgment under Federal Rule of Civil Procedure 56 because the agency is not withholding responsive records and it conducted a reasonable search in light of Heard's FOIA request.

**I.   STATEMENT OF FACTS**

In July 2020, Freddie Heard sent a letter to the United States Attorney for the Southern District of Alabama making two FOIA requests. Gov. Ex. 1 (Decl. of Ebony Griffin) ¶ 5 at 2;

Attach. 1 at 5, 9.[1] First, he requested "copies of whatever documents you have that would show me what the rules are for my being able to present my grievances to the federal grand jury in Mobile." Attach. 1 at 5. Second, he requested "to present my grievances to the Federal Grand Jury." *Id.* at 9. The Executive Office for United States Attorneys ("EOUSA") denied Heard's request on August 7, 2020, explaining that "[g]rand jury material is exempt from mandatory release pursuant to 5 U.S.C. § 552(b)(3)" and Federal Rule of Criminal Procedure 6(e) regarding grand jury secrecy. Gov. Ex. 1 ¶ 6 at 2; Attach. 2 at 13.

Heard appealed, arguing that the denial was unsatisfactory and that 5 U.S.C. § 552(b)(3) did not apply to his request. Gov. Ex. 1 ¶ 7 at 3; Attach. 3 at 16. Heard said he did not seek material related to other grand jury proceedings, Attach. 3 at 16, but he instead wanted information on how a citizen could access the grand jury, *see id*.

DOJ's Office of Information Policy ("OIP") affirmed the denial of Heard's requests on modified grounds on November 13, 2020. Gov. Ex. 1 ¶ 7 at 3; Attach. 3 at 30. OIP explained that "EOUSA does not maintain records as those that you have described. Additionally, please be advised that the FOIA does not require federal agencies to answer questions, create records, or conduct research in response to a FOIA request, but rather is limited to requiring agencies to provide access to reasonably described, nonexempt records." Attach. 3 at 30 (citing *Students Against Genocide v. Dep't of State*, 257 F.3d 828, 837 (D.C. Cir. 2001)).

Heard filed this FOIA action under 5 U.S.C. § 552(a)(4)(B). Doc. 1. He requests that the Court to order Defendants to do one of three things: (1) schedule Heard to testify before the federal grand jury; (2) provide forms and instructions regarding how citizens can access the federal grand

---

[1] Page references to Government's Exhibit 1 and the attachments are to the continuous numbering added at the bottom of each page and marked with "Gov. Ex. 1 and Attachments" page numbers.

jury; or (3) admit that "Respondents have no intention of allowing citizens to present their grievances to the federal grand jury." *Id.* at 4.

## II.  LEGAL BACKGROUND

The Freedom of Information Act ("FOIA") "generally requires federal agencies to disclose records in their possession upon request," unless an exemption applies. *News-Press v. U.S. Dep't of Homeland Sec.*, 489 F.3d 1173, 1189 (11th Cir. 2007). *See* 5 U.S.C. § 552(b). In general, a person is entitled to government records after making a request that reasonably describes such records and that complies with the required procedures. *See Broward Bulldog, Inc. v. U.S. Dep't of Just.*, 939 F.3d 1164, 1175 (11th Cir. 2019) (citing 5 U.S.C. § 552(a)(3)(A)). Once an agency receives a request for records, the agency is required to undertake an adequate search that is "reasonably calculated to uncover all relevant documents." *See id.* (citation and internal quotation marks omitted). The agency will disclose responsive documents unless they fall under one of FOIA's nine exemptions. *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1253 (11th Cir. 2008).

FOIA "requires a party to exhaust all administrative remedies before seeking redress in the federal courts." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). Exhaustion can be constructive, "when certain statutory requirements are not met by the agency," including time limits to respond. *Id.* at 1368. Exhaustion can also be actual, "when the agency denies all or part of a party's document request," *id.*, including all administrative appeals, *id.* at 1369. *See also* 5 U.S.C. § 552(6)(A)(ii). Once a requester has exhausted all administrative remedies, a complaint may be filed in federal court. 5 U.S.C. § 552(a)(4)(B).

When a plaintiff sues under the FOIA alleging that an agency has failed to comply with a FOIA request, "federal jurisdiction is dependent upon a showing that an agency has

(1) 'improperly'; (2) 'withheld'; (3) 'agency records.'" *Kissinger v. Reps. Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980) (citing 5 U.S.C. § 552(a)(4)(B)). *Cf. Statton v. Fla. Fed. Jud. Nominating Comm'n*, 959 F.3d 1061, 1064 (11th Cir. 2020) (explaining that jurisdiction in this context means "the ability to devise remedies rather than the ability to hear cases"); *Sikes v. United States Dep't of Navy*, 896 F.3d 1227, 1232 n.2 (11th Cir. 2018) (stating that the elements of 5 U.S.C. § 552(a)(4)(B) "reference remedial power, not subject-matter jurisdiction" (citation omitted)).

"[A]gency possession or control is prerequisite to triggering any duties under the FOIA," and FOIA guidelines do not impose on an agency an obligation "to compile or procure a record in response to a request." *Kissinger*, 445 U.S. at 151 (citations and internal quotation marks omitted). An agency need not "create a document that does not exist in order to satisfy a requester." *Broward Bulldog, Inc.*, 939 F.3d at 1176 (cleaned up) (citations and internal quotation marks omitted). Rather, FOIA "only obligates [an agency] to provide access to [information] which it in fact has created and retained." *Id.* (quoting *Kissinger*, 445 U.S. at 152).

"Generally, FOIA cases should be handled on motions for summary judgment, once the documents in issue are properly identified." *Miscavige v. I.R.S.*, 2 F.3d 366, 369 (11th Cir. 1993). Discovery in FOIA actions is typically impermissible until after the summary judgment phase when the agency submits supporting affidavits or declarations, and even then, discovery should only be permitted "when there is a genuine issue as to the adequacy of the agency's search, its identification and retrieval procedures, or its good/bad faith." *Tamayo v. U.S. Dep't of Just.*, 544 F. Supp. 2d 1341, 1343 (S.D. Fla. 2008). "[A]ffidavits submitted by an agency are accorded a presumption of good faith." *Whitaker v. Dep't of Com.*, 970 F.3d 200, 208 (2d Cir. 2020) (internal

citations and quotation marks omitted); *see also Fla. Immigrant Advoc. Ctr. v. Nat'l Sec. Agency*, 380 F. Supp. 2d 1332, 1343 (S.D. Fla. 2005).

## III. ARGUMENT

The Court should dismiss this case and grant summary judgment because what Heard seeks simply is not available from the Defendants through FOIA. First, the Court should dismiss the named Defendants because Heard sued individuals, and FOIA permits suits against agencies only. Even if Heard names a proper agency, however, the Court should grant summary judgment. Heard seeks records describing how citizens can access the federal grand jury, but DOJ and its component EOUSA do not maintain such records. Because any search for records would be futile, the agency's search was adequate and reasonable. The agency is not withholding documents, and it does not have to conduct additional research or create documents to satisfy FOIA.

    A. <u>Heard exhausted his administrative remedies and filed in a proper district.</u>

As an initial matter, Defendants acknowledge that Heard has exhausted his administrative remedies, and thus he may properly file this case in federal court. Although Heard did not allege that he properly exhausted, as he did not reference or attach a final agency decision after appeal, *see* Doc. 1 at 2–3, Defendants acknowledge that he nonetheless exhausted his administrative remedies because the agency issued a final determination on Heard's appeal, Gov. Ex. 1 ¶ 7 at 3; Attach. 3 at 30–31.

Additionally, venue is appropriate in the Northern Division of the Middle District of Alabama. Although Heard directed his FOIA request to the United States Attorney's Office for the Southern District of Alabama, FOIA allows a plaintiff to file "in the district in which the complainant resides," among other places. 5 U.S.C. § 552(a)(4)(B). Heard is an inmate at the

Easterling Correctional Facility in Clio, Alabama, in Barbour County, within the Northern Division of the Middle District of Alabama. *See* Doc. 1 at 4.

> B. <u>The Court should dismiss Heard's Complaint because he did not name a proper defendant agency.</u>

The Court should dismiss Heard's complaint with prejudice as against the Director of the Office of Information Policy and the United States Attorney for the Middle District of Alabama because FOIA permits suits against agencies, not individuals. FOIA provides that a court may "enjoin the agency from withholding agency records," 5 U.S.C. § 552(a)(4)(B), and it defines an agency as "each authority of the Government of the United States, whether or not it is within or subject to review by another agency," 5 U.S.C. § 551(1). A plaintiff that fails to sue an "agency" under FOIA has failed to state a claim, and the Court may properly dismiss the complaint under Fed. R. Civ. P. 12(b)(6). *See Statton v. Fla. Fed. Jud. Nominating Comm'n*, 959 F.3d 1061, 1065 (11th Cir. 2020) ("Because the Commission is not an agency subject to FOIA, Statton has not stated a claim on which relief can be granted.").

FOIA allows for suits against agencies, not against individual employees or department heads. *See Petrus v. Bowen*, 833 F. 2d 581, 582 (5th Cir. 1987) (affirming the dismissal with prejudice as to named defendants for failure to state a claim because FOIA does not allow suit against individual employees, but remanding to give the plaintiff an opportunity to amend to name the proper defendant); *Friedman v. F.B.I.*, 605 F. Supp. 306, 317 (N.D. Ga. 1981) (granting a motion to dismiss a FOIA complaint against individual department heads, concluding that FOIA "clearly states that only an agency may be sued and the court has no jurisdiction over individual department heads"); *Del Rio v. Fed. Bureau of Investigation*, No. 08-21103-CIV, 2008 WL 11331745, at *2 (S.D. Fla. Oct. 21, 2008) (denying a motion to join various additional defendants,

6

including a former assistant U.S. Attorney, because "FOIA does not create a cause of action against individual federal agency employees").

The only proper party is an agency subject to FOIA. 5 U.S.C. § 552. Because the Director of OIP and the U.S. Attorney for the Middle District of Alabama are not agencies subject to FOIA, the Court should dismiss the Complaint as against them with prejudice. If Heard does not amend his complaint to name an agency subject to FOIA, the Court should dismiss the case.

C. **The agency is entitled to summary judgment because it conducted an adequate search, and it is not withholding any responsive records.**

Assuming arguendo that Heard named a proper agency defendant such as the DOJ, *see Ginarte v. Mueller*, 534 F. Supp. 2d 135, 137–38 (D.D.C. 2008) (noting that DOJ is a proper agency defendant), the Court should grant summary judgment because the agency is not withholding responsive documents. Heard's primary FOIA request is for records regarding how a citizen can present grievances to a federal grand jury,[2] but OIP denied Heard's request because EOUSA does not maintain such records. Gov. Ex. 1 ¶ 7 at 3. When an agency asserts that it did not locate any responsive records, the Court must analyze whether the agency performed a sufficient search.

---

[2] Heard also requested an order directing the Defendants to schedule his appearance before a federal grand jury or to admit that they do not intend to allow citizens to present grievances to a federal grand jury. *See* Doc. 1 at 4. These are not appropriate requests under FOIA. FOIA allows a Court to enjoin an agency from withholding records and to order the production of records that have been improperly withheld from a FOIA requester. 5 U.S.C. § 552(a)(4)(B). It does not allow for other injunctive relief, such as creating a record to satisfy a request. *Kissinger v. Reps. Comm. for Freedom of the Press*, 445 U.S. 136, 152 (1980) ("The Act does not obligate agencies to create or retain documents; it only obligates them to provide access to those which it in fact has created and retained."); *Guidry v. Comey*, 692 F. App'x 975, 978 (11th Cir. 2017) (per curiam) (unpublished) (affirming the grant of summary judgment for defendant because the request "would create a new record, rather than merely retrieving existing records," and thus the request "fell outside the scope of a proper FOIA request").

7

The primary issue in a FOIA case in which no responsive documents were located is "whether the agency established 'beyond a material doubt' that it 'conducted a search reasonably calculated to uncover all relevant documents.'" *See Broward Bulldog, Inc.,* 939 F.3d at 1175 (quoting *Miccosukee Tribe*, 516 F.3d at 1248). The D.C. Circuit, "which has particular FOIA expertise," frames this question as whether the agency has performed an "'adequate' search, with 'adequacy . . . measured by the reasonableness of the effort in light of the specific request." *Whitaker v. Dep't of Com.*, 970 F.3d 200, 206 (2d Cir. 2020) (quoting *Larson v. Dep't of State*, 565 F.3d 857, 869 (D.C. Cir. 2009)). Drawing on cases from within the D.C. Circuit and other courts to have considered when an agency may decline to conduct a FOIA search, the Second Circuit recently determined that "an agency need not conduct a search that it has reasonably determined would be futile." *Whitaker*, 970 F.3d at 206. In *Whitaker*, agency affidavits established that the agency did not have access to relevant portals where records were located, and that the agency did not maintain copies of the requested contracts, and thus, the Second Circuit affirmed the "district court's determination that there was no genuine dispute of material fact as to the futility of a search by the agency for responsive records." *Id.* at 209.

Here, the agency conducted an adequate search, that is, no search, because a search would be futile. As Attorney-Advisor Ebony Griffin explained in her declaration, neither DOJ nor its component EOUSA maintains or controls the grand jury grievance process. Gov. Ex. 1 ¶¶ 8–9 at 3. To the extent Heard's complaint is construed as against DOJ or EOUSA, the Court should grant the agency summary judgment because it does not have responsive records and any additional search would be futile.

Further, agencies need not "create a document in response to a request, answer questions disguised as a FOIA request, or conduct research in response to a FOIA request." *Bory v. U.S. R.R.*

8

*Ret. Bd.*, 933 F. Supp. 2d 1353, 1359 (M.D. Fla. 2013) (citing *Landmark Legal Found. v. E.P.A.*, 272 F. Supp. 2d 59, 64 (D.D.C. 2003)). The agency has appropriately and adequately determined that it does not have responsive records on the question Heard raises, and it need not create a record or conduct additional research to satisfy its obligations under FOIA.

Because the agency has conducted a reasonable and good faith search for records, and no records exist, the agency is not withholding any documents and the Court should grant summary judgment. *See Lee v. U.S. Att'y for S. Dist. of Fla.*, 289 F. App'x 377, 380–81 (11th Cir. 2008) (per curiam) (unpublished) (noting "the adequacy of an agency's search for documents requested under FOIA is judged by a reasonableness standard," concluding search was reasonable and in good faith based on agency declarations, and affirming summary judgment to the agency).

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully requests that the Court dismiss Heard's complaint and grant summary judgment.

Respectfully submitted this 29th day of April 2022.

> SANDRA J. STEWART
> United States Attorney
>
> By:   /s/ *MaryLou E. Bowdre*
> MaryLou E. Bowdre
> Assistant United States Attorney
> Alabama Bar No. 9232N10E
> E-mail: MaryLou.Bowdre@usdoj.gov
> United States Attorney's Office
> Middle District of Alabama
> Post Office Box 197
> Montgomery, AL 36101-0197
> Telephone: (334) 223-7280

## CERTIFICATE OF SERVICE

      I hereby certify that on April 29, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have mailed, by United States Postal Service, a copy of same to the following non-CM/ECF participant:

Freddie Heard AIS# 272097  
Easterling Correctional Facility  
200 Wallace Drive  
Clio, AL 36017-2615

                                  /s/ MaryLou E. Bowdre  
                                  Assistant United States Attorney