IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
FREDDIE D. HEARD,            )
                             )
     Plaintiff,              )
                             )    CIVIL ACTION NO.
     v.                      )      2:21cv125-MHT
                             )          (WO)
DIRECTOR, OFFICE OF          )
INFORMATION POLICY, United   )
States Dept. of Justice,     )
and SANDRA J. STEWART,       )
                             )
                             )
     Defendants.             )
```

OPINION

Plaintiff, who is pro se, filed a somewhat confusingly drafted complaint against two federal officials, complaining about the denial of records he had requested from the United States Attorney's Office in Mobile, Alabama under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and discussing his First Amendment right to petition the government for redress of grievances. As relief, plaintiff seeks either to be scheduled for an appearance before the grand jury, provided the requested documents explaining how to

arrange to meet with a grand jury, or for the government to make an admission that citizens cannot present grievances to the grand jury. Defendants moved to dismiss the case or, in the alternative, for summary judgment on the merits. In response to defendants' motion, plaintiff moved to amend the complaint to drop his FOIA claim and state a First Amendment claim that his right to petition the government means that he has a right to meet with the grand jury.

This case is before the court on the recommendation of the United States Magistrate Judge that (1) the motion to dismiss be granted because plaintiff has sued the wrong defendant under FOIA, (2) the motion for summary judgment on the merits of the FOIA claim be denied as moot, and (3) the motion for leave to amend be denied as futile. Also before the court are plaintiff's objections to the recommendation. Upon an independent and de novo review of the record, the court concludes that plaintiff's objections should be

overruled and the recommendation should be adopted, except as to the reason given for denying the motion to leave to amend the complaint as futile. The court finds the proposed amendment would be futile for different reasons.

In the recommendation, the magistrate judge states that allowing amendment of the complaint would be futile because plaintiff seeks to sue under FOIA and still names as a defendant only a federal official rather than a federal agency. *See* Report and Recommendation (Doc. 22) at 6. But, given that plaintiff no longer pleads a FOIA claim in the proposed amended complaint, plaintiff's choice of defendant is not determinative. In the proposed complaint, plaintiff appears to plead only a First Amendment claim, based on the right to petition the government for redress of grievances, asserting that he has a right to a meeting with a federal grand jury to present his grievances. He names as defendant only the Acting

United States Attorney for the Middle District. While he does not state in which capacity he seeks to sue defendant, the court assumes plaintiff seeks to sue defendant in her official capacity because he seeks only injunctive relief. The court lacks jurisdiction over such a claim. "An action against an officer, operating in his or her official capacity as a United States agent, operates as a claim against the United States." *Solida v. McKelvey*, 820 F.3d 1090, 1095 (9th Cir. 2016). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). Plaintiff does not allege that the federal government has waived sovereign immunity for constitutional claims against the United States as a general matter, and the court is unaware of any legal authority suggesting that the government has waived its immunity for constitutional claims such as the one presented here. As the government has not waived its sovereign

4

immunity, the court lacks jurisdiction to hear plaintiff's proposed suit. *See United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.").

Moreover, to the extent plaintiff seeks to sue defendant in her individual capacity under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), his case is not cognizable because, "[b]y definition, *Bivens* suits are individual capacity suits and thus cannot enjoin official government action." *Solida v. McKelvey*, 820 F.3d 1090, 1094 (9th Cir. 2016).

An appropriate judgment will be entered.

DONE, this the 4th day of January, 2023.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**

5